**Remigio I. AGUSTIN, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 04–5010.

United States Court of Appeals, Federal Circuit.

Decided March 3, 2004.

Rehearing and Rehearing En Banc Denied April 1, 2004.

Remigio I. Agustin, of Counsel, Hayward, CA, pro se.

David A. Harrington, Principal Attorney, David M. Cohen, Harold D. Lester, Jr., of Counsel, Washington, DC, for Defendant–Appellee.

Before MICHEL, LOURIE, and DYK, Circuit Judges.

PER CURIAM.

Remigio I. Agustin ("Agustin") appeals from the decision of the Court of Federal Claims dismissing his case for lack of jurisdiction and, alternatively, on the ground that the complaint failed to state a claim. *Agustin v. United States*, No. 00–335C (Fed.Cl. Sept. 5, 2003). Because the Court of Federal Claims properly held that it did

not have jurisdiction over Agustin's case pursuant to 28 U.S.C. § 1500, we *affirm*.

## BACKGROUND

Agustin was employed by the Department of the Navy ("Navy") as a machinist. On December 14, 1993, he slipped in a puddle of water and fell, injuring his head, neck, and back. He returned to work on January 18, 1994, but he left work on January 20, 1994, because of pain. He never returned to work thereafter. On February 7, 1994, Agustin filed a claim for benefits with the Department of Labor, Office of Workers' Compensation Programs ("OWCP"). The OWCP granted Agustin benefits from the date of his injury, and the benefits continued until February 10, 1995, when the OWCP suspended the benefits because Agustin had failed to attend a series of medical examinations ordered by the OWCP. On February 10, 1995, and March 28, 1995, the Navy informed Agustin that it intended to remove him because he had been unavailable for duty since his injury. Agustin was informed of his right to respond to the proposed removal action, but he failed to do so. On April 12, 1995, the Navy issued a decision separating Agustin from service, effective April 21, 1995.

Agustin appealed his separation to the Merit Systems Protection Board ("Board"), alleging that the separation was invalid on a number of grounds. The Board affirmed the Navy's decision on January 9, 1996. *Agustin v. Dep't of the Navy*, No. SF–0752–95–0538–I–2, 71 M.S.P.R. 102, 1996 WL 405310 (M.S.P.B. Jan. 22, 1996). Agustin also appealed his separation to the United States Equal Employment Opportunity Commission ("EEOC"), alleging that the Navy discriminated against him. In its decision of November 6, 1996, the EEOC "concur[red] with the Board's finding of no disability discrimination." *Agustin v. Dep't of the Navy*, No. 03960121, 1996 WL 688680, at *3 (E.E.O.C. Nov. 22, 1996).

After these decisions, Agustin filed suit in the United States District Court for the Northern District of California ("the district court") on December 18, 1996, alleging that his removal was improper and that the Navy had unlawfully discriminated against him. He sought an order reinstating him to his position with the Navy and back pay and benefits. On August 9, 1999, the district court granted the Navy's motion for summary judgment, denying any relief for Agustin. *Agustin v. Dalton*, No. C–96–4527 (N.D.Cal. Aug. 9, 1999). In several subsequent orders, the district court denied Agustin's motions for reconsideration and further proceedings.

While his case was pending in the district court, Agustin filed a complaint in the Court of Federal Claims on June 6, 2000. In that case, Agustin claimed violations of several constitutional and statutory rights. Pursuant to the Back Pay Act, 5 U.S.C. § 5596 (2000), he sought his "lost employment pay and benefits since April 21, 1995." (Appellant's App. at G–1.) The government filed a motion to dismiss, arguing that the action in the Court of Federal Claims was barred by 28 U.S.C. § 1500. On September 5, 2003, the Court of Federal Claims granted the government's motion and dismissed the case, holding that the government's "position that 28 U.S.C. § 1500 bars the complaint filed here while the District Court action was pending appears to be correct." *Agustin v. United States*, No. 00–335C, slip op. at 4–5 (Fed. Cl. Sept. 5, 2003). Alternatively, the Court of Federal Claims "determined that [Agustin had] not pleaded a cause of action upon which relief could be granted" because it could not review the Navy's removal action or the subsequent decisions by the Board or the EEOC upholding the Navy's action.

*Id.* at 5. Agustin timely filed an appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review a dismissal by the Court of Federal Claims for lack of jurisdiction without deference. *Consolidation Coal Co. v. United States*, 351 F.3d 1374, 1377 (Fed.Cir.2003). The Court of Federal Claims dismissed Agustin's case for lack of jurisdiction, citing 28 U.S.C. § 1500, which provides:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500 (2000).

There are two issues related to a finding of lack of jurisdiction pursuant to the statute: (1) when to make the jurisdictional determination and (2) how to determine whether the claim filed in the Court of Federal Claims is comparable to the "suit or process" pending in another court. *Id.* On the first issue, the Supreme Court has held that the determination of whether the statute bars jurisdiction is made at the time the claim is filed in the Court of Federal Claims. *Keene Corp. v. United States*, 508 U.S. 200, 209, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993) ("[W]e read the statute as continuing to bar jurisdiction

over the claim of a plaintiff who, upon filing, has an action pending in any other court 'for or in respect to' the same claim." (quoting 28 U.S.C. § 1500)). It is beyond dispute that Agustin had a suit against the United States pending in another court when he filed his claim in the Court of Federal Claims. Agustin's suit was filed in the Court of Federal Claims on June 6, 2000. At that time, Agustin's suit against the Navy in the district court, which was filed on December 18, 1996, was still pending, as the district court entered at least three orders thereafter, on May 23, 2001, June 8, 2001, and July 11, 2001.[1]

The second issue "is more elusive," *id.* at 210, but we have held that, "[f]or the Court of Federal Claims to be precluded from hearing a claim under § 1500, the claim pending in another court must arise from *the same operative facts*, and must seek *the same relief*," *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1551 (Fed. Cir.1994) (*en banc*) (emphases in original). "That the two actions were based on different legal theories [does] not matter." *Keene Corp.*, 508 U.S. at 212. Here, there can be no dispute that the claims arose from the same operative facts; the claims in both the district court and the Court of Federal Claims arose from the Navy's decision to remove Agustin. However, Agustin argues that the two claims are not the same because they did not seek the same relief. We disagree. Agustin requested that the district court provide the following relief:

> to order that he be reinstated to his position and that he be paid for 100% of his *full* pay and benefits, including accrual of his annual leave and sick leave,

---

1. Agustin also subsequently engaged in further proceedings in the United States Court of Appeals for the Ninth Circuit, *see Agustin v. Dalton*, 37 Fed.Appx. 895 (9th Cir.2002) (unpublished affirmance), and the Supreme Court, *see Agustin v. Johnson*, 537 U.S. 1113, 123 S.Ct. 903, 154 L.Ed.2d 786 (2003) (denying certiorari); 538 U.S. 972, 123 S.Ct. 1778, 155 L.Ed.2d 532 (2003) (denying rehearing).

minus the disability retirement pay (or [Federal Employees' Compensation Act, 5 U.S.C. § 8101 *et seq.*] compensation pay) which he had received and would receive *for the period from April 21, 1995 to the date of his total and complete rehabilitation, that is, the date when he starts making the same or more yearly income as he was making on April 21, 1995.*

(Appellee's App. at 59–60 (emphasis in original).) In the Court of Federal Claims, Agustin also sought "lost employment pay and benefits since April 21, 1995." (Appellant's App. at G–1.) Agustin thus sought the same relief from both courts: the pay and benefits he would have received from the Navy if he had not been removed on April 21, 1995.

Thus, Agustin's claims were simultaneously pending before the district court and the Court of Federal Claims, and the claims in the district court and the Court of Federal Claims arose from the same operative facts and sought the same relief. Under such circumstances, 28 U.S.C. § 1500 bars the Court of Federal Claims from taking jurisdiction over Agustin's case. To the extent that Agustin claims that section 1500 is unconstitutional, that argument is without merit. *See Keene Corp.*, 508 U.S. at 207 (stating that "Congress has the constitutional authority to define the jurisdiction of the lower federal courts" and that "Congress has employed its power" to do so in section 1500). Accordingly, the Court of Federal Claims properly dismissed the case for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, the decision of the Court of Federal Claims is affirmed.

COSTS

No costs.